UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 08-19

JULIA N. SAYLOR,                                                                                       PLAINTIFF,

V.                         **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income (R. 10, 11).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a fifty-one-year-old female with a college education. She has past relevant work as a social worker and a child care provider. She alleges disability beginning on July 8, 2004, as a result of multiple impairments.[1] AR 94,

---

[1] The claimant's disability report completed January 30, 2006, includes the following impairments: osteoarthritis, fibromyalgia, endometriosos, neuralgia, atopic

97-98. The plaintiff filed claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on May 4, 2005, which were denied initially and on reconsideration. After a hearing held on June 22, 2006, Administrative Law Judge ("ALJ") Frank Letchworth determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 15-27. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's impairments, in combination, are severe. The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ found that the plaintiff was unable to perform her past relevant work. The ALJ concluded at Step 5, however, that the plaintiff has the residual functional capacity ("RFC") to perform a significant number of other jobs in the national economy at the "light work" level even though her exertional limitations do not allow her to perform the full range of light work. AR 26-27. On January 15, 2008, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 7-9, and the plaintiff then commenced this action.

### III. Legal Analysis

The plaintiff challenges (1) the accuracy of the mental limitations the ALJ included in the RFC finding and (2) whether the hypothetical questions given to the

---

superventricular tachycardia, carpal tunnel syndrome, asthma, severe allergies, sleep apnea, migraine headaches, GERD, obesity, depression, and suicidal thoughts. AR 98.

Vocational Expert reflected all of the claimant's mental impairments. The court will consider these arguments in turn.

### A. RFC Finding

The plaintiff contends that the ALJ's RFC determination was not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ gave controlling weight to the findings of state agency psychological consultants but omitted findings favorable to the plaintiff.

The assessment of a claimant's RFC is "based on all the relevant evidence in the case record," and not simply on the opinions from medical sources. 20 CFR 416.945(a)(1).[2] Thus, while "[t]he ALJ may not 'substitute his own layman's opinion for the findings and opinion of a physician,'" *see Chelte v. Apfel*, 76 F. Supp. 2d 104, 108 (D. Mass. 1999) (*quoting Gonzalez-Perez v. Secretary of Health & Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987)), the final responsibility for determining the RFC is reserved for the ALJ. 20 C.F.R. § 416.927(e)(2). Therefore, he need not defer to the state agency physical and mental RFC assessments, and instead such assessments are merely considered along with the

---

[2] Social Security Ruling ("SSR") 96-5p states:
Even though the adjudicator's RFC assessment may adopt the opinions in a medical source statement, they are not the same thing: a medical source statement is evidence that is submitted to the SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s).

4

rest of the medical evidence in determining the RFC.

The plaintiff cites the opinions of Drs. Stephen Scher and Ed Ross, arguing that these state agency reviewers found her moderately limited in various mental capacities, and that the ALJ ignored those findings. The ALJ must consider the opinions of state agency medical and psychological consultants, but he is not bound by their findings. 20 C.F.R. §§ 404.1527(f)(2)(I), 416.927(f)(2)(i). Here, the doctors' findings of "moderate limitations" are recorded in Section I of the Mental Residual Functional Capacity Assessment form, which instructs the physicians to record "summary conclusions derived from the evidence in the file." AR 334-35, 348-49. After the doctors complete their RFC assessment, they fill out Section III of the form, which instructs the physicians to record their "elaborations" on the claimant's capacities and to explain their summary conclusions. AR 336, 350. In Section III, Dr. Scher found that the claimant retains the mental ability to understand and remember simple instructions, to sustain attention to complete simple repetitive tasks, to tolerate coworkers and supervisors with casual and intermittent contact in non-public settings, and to adapt to routine changes. AR 336. On Section III of his form, Dr. Ross affirmed Dr. Scher's findings. AR 350. The court finds that the mental limitations adopted by the ALJ in his RFC are substantially equivalent to those stated by Drs. Scher and Ross.[3]

---

[3] The ALJ found that the claimant has the RFC to perform light work that does not involve any climbing of ladders, ropes or scaffolds and no concentrated exposure to pulmonary irritants, excessive temperatures or extreme humidity. She can

The plaintiff cites Social Security Ruling (SSR) 85-15 and her own global assessment of functioning (GAF) scores, arguing that these support a finding of disability. The evidence in the record supports the ALJ's conclusion that the claimant does not have a substantial loss of ability to meet basic mental demands.[4] Thus, the court finds that SSR 85-15 does not require a finding of disability in this case. The ALJ noted in his decision that the claimant's GAF was placed in the moderate range of psychological symptoms. AR 20. "While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). The ALJ considered all of the evidence in the record, including the full opinions and findings of the doctors determining the claimant's GAF. Additionally, Drs. Scher and Ross had the opportunity to review the claimant's medical records containing the GAF scores, and the ALJ considered their opinions in forming his

---

        perform no more than frequent handling or fingering and no more than occasional overhead reaching, bending, stooping, crouching, kneeling or climbing of ramps and stairs. The claimant is further limited to the performance of simple instructions in work settings that require no more than superficial interaction with coworkers or supervisors and no public contact.

AR 27.

[4] "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base." Social Security Ruling 85-15.

RFC. Therefore, the court finds that substantial evidence supports the ALJ's RFC assessment of the plaintiff's mental capabilities.

### B. Hypothetical Questions

The plaintiff argues that the hypothetical question given to the vocational expert ("VE") failed to accurately reflect the claimant's condition. This argument primarily disputes the ALJ's RFC finding, which the court has already determined is supported by substantial evidence, but the court will still analyze whether the hypothetical question given to the VE was appropriate.

Once the ALJ determined the plaintiff did not have the RFC to perform her past relevant work, "the burden shifted to the [Commissioner] to show that [the] plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987). To meet this burden the Commissioner must furnish substantial evidence that the plaintiff has the vocational qualification to perform specific jobs. *Id.* For the testimony of a VE to "prov[e] the existence of a substantial number of jobs that [a] plaintiff can perform, other than her past work, the testimony must be given in response to a hypothetical question that accurately describes the plaintiff" in all relevant and significant respects. *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).

At the hearing, the ALJ posed hypothetical questions to the VE based on assumptions about the plaintiff's RFC drawn from the opinions of various doctors.

Specifically, the ALJ asked the VE to first assume all of the claimant's physical limitations, and then one by one added the mental limitations from the ALJ's RFC finding. At each step the VE found that the claimant could perform some light unskilled work that exists in the national and state economies in significant numbers. AR 535-36.[5] Thus, the ALJ's hypothetical questions are supported by substantial evidence.

The court finds that the ALJ's RFC assessment, hypothetical questions to the VE, and the ALJ's ultimate opinion are supported by and consistent with substantial evidence in the record.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 10) is **DENIED**.

Signed on February 9, 2009 
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[5] Specifically, in the Kentucky area there are 400 jobs as a production assembler, 3,500 jobs as a production laborer, and 1,200 jobs as a production inspector. AR 26.